JUDGE SULLIVAN

**10 CIV 9445**

CARROLL McNULTY & KULL, LLC
570 Lexington Avenue, 10th Floor
New York, New York 10022
(212) 252-0004

*Attorneys for Plaintiff*
MEDITERRANEAN SHIPPING COMPANY (USA) INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
**MEDITERRANEAN SHIPPING COMPANY (USA) INC.,**

*Plaintiff,*

- against -

**WORLDWIDE FREIGHT SERVICES, INC.,
T/A UNITED AMERICAN LINE,**

*Defendant.*
------------------------------------------------------------x

**COMPLAINT**

RECEIVED DEC 20 2010 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, MEDITERRANEAN SHIPPING COMPANY (USA) INC., (hereinafter "MSC") by its attorneys, Carroll McNulty & Kull, LLC., as and for its Complaint against Defendant, WORLDWIDE FREIGHT SERVICES, INC., trading as UNITED AMERICAN LINE (hereinafter "United American"), alleges upon information and belief as follows:

1. This is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333;

2. Venue is proper as the bill of lading contract entered into between MSC and UNITED AMERICAN makes this Court the exclusive forum for disputes arising thereunder;

3. At all times hereinafter mentioned, Plaintiff, MSC, was and remains a corporation organized and existing pursuant to the laws of the State of New York, with its primary place of

1

business located at 420 Fifth Avenue, New York, New York, and was at all times the agent of Mediterranean Shipping Company S.A;

4. Upon information and belief, at all times hereinafter mentioned, Defendant Worldwide Freight Services, Inc. (hereinafter referred to as "WORLDWIDE"), trading as "United American Line," was and remains a company incorporated in the State of New Jersey, with an office and principal place of business located at 499 Ernston Road, Parlin, New Jersey 08859;

### Bill of Lading MSCUNQ619164

5. On or about August 16, 2009, WORLDWIDE, using its trade name, UNITED AMERICAN and MSC entered into a bill of lading contract of carriage pursuant to which, WORLDWIDE agreed to tender and MSC agreed to carry one forty (40) foot high cube shipping container said by WORLDWIDE to contain "unpacked or unpackaged of (Sic) lot of plywood" from the Port of New York, New York to the port of Al Aqabah, Jordan, and there to deliver the container to "Mutaz Kashkesh";

6. Container number TTNU9727365 which had been loaded and sealed by or on behalf of WORLDWIDE was carried pursuant to Bill of Lading MSCUNQ619164, from the port of New York to the port of Al Aqabah, Jordan by MSC. Annexed hereto as **Exhibit A** is a copy of the bill of lading issued by MSC to WORLDWIDE;

7. Bill of Lading MSCUNQ619164, issued by MSC to WORLDWIDE, incorporated MSC's standard form bill of lading contract which is maintained as part of MSC's tariff, as required by the Federal Maritime Commission.   Annexed hereto as **Exhibit B** is the text of the standard terms and conditions that apply to the contract of carriage, as avaiailable on the MSC website. These same terms and conditions would be printed on the reverse of the physical bill of lading.

The terms and conditions are also available upon request to MSC as well as being available for download from MSC's public website, from which Exhibit B was taken;

8. On or about September 28, 2009 the 40-foot shipping container carried under the bill of lading contract was discharged at the port of Al Aqabah, Jordan, and made available for pick-up;

9. Customary notice was given to the consignee listed on bill of lading, "Mutaz Kashkesh," WORLDWIDE and/or the party indicated by WORLDWIDE to receive notice of the arrival of the cargo;

10. Following discharge of the container, MSC gave WORLDWIDE additional written notice that the container carried under bill of lading MSCUNQ619164 had not yet been cleared from the terminal and that WORLDWIDE, as the shipper on the bill of lading, was liable for all charges associated with the delay in arranging delivery;

11. In breach of its obligations under the bill of lading contract, WORLDWIDE failed to have the container picked-up from the terminal and instead allowed the container to remain on the marine terminal at the port of Al Aqabah, Jordan, where it accrued demurrage, detention, local port charges, storage charges and/or other charges, from September 28, 2009 until present;

12. MSC has not been allowed by the local authorities at the port of Al Aqabah, Jordan to have the cargo devanned and the container returned to MSC's service;

13. As the shipper of the cargo under the bill of lading contract, WORLDWIDE is liable for all charges incurred by the cargo as a result of any delay in arranging delivery of the cargo at the port of discharge, including any legal fees incurred by MSC in enforcing its rights under the bill of lading contract;

14. Plaintiff, MSC, brings this action on its own behalf and as agent for Mediterranean Shipping Company S.A., and/or any other party with an interest in the subject matter hereof and has fulfilled all conditions precedent incumbent upon it;

### Bill of Lading MSCULB483885

15. MSC repeats and realleges each and every allegation contained in paragraphs 1 thru 4, inclusive, with the same force and effect as if set forth herein at length;

16. On or about September 15, 2009, WORLDWIDE and MSC entered into a bill of lading contract of carriage pursuant to which WORLDWIDE agreed to tender and MSC agreed to carry one forty (40) foot high cube shipping container said by WORLDWIDE to contain "670 bags of used second hand shoes 2nd grade" from the Port of Baltimore, Maryland to the port of Mombasa, Kenya, and there to deliver the container to "Rose W. Wainaina";

17. The container ,, number GSTU9751230, was carried from the port of Baltimore, Maryland to the port of Mombasa, Kenya pursuant to Bill of Lading MSCULB483885. Annexed hereto as **Exhibit C** is a copy of the bill of lading issued by MSC to WORLDWIDE;

18. Bill of Lading MSCULB483885, issued by MSC to WORLDWIDE, incorporated MSC's standard form bill of lading contract which is maintained as part of MSC's tariff, as required by the Federal Maritime Commission. Annexed hereto as **Exhibit B** is the text of the standard terms and conditions that apply to the contract of carriage, which would be printed on the reverse of the physical bill of lading. The terms and conditions are also available upon request to MSC as well as being available for download from MSC's public website, from which Exhibit B was taken;

19. On or about November 14, 2009 the 40-foot shipping container carried under the bill of lading contract was discharged at the port of Mombasa, Kenya, and made available for pick-up.

20. MSC gave the customary notice to the consignee listed on the bill of lading, WORLDWIDE and/or the party indicated by WORLDWIDE to receive notice of the arrival of the cargo, was given the customary notice;

21. MSC gave WORLDWIDE additional written notice that the container carried under the bill of lading MSCULB483885 had not yet been cleared from the terminal and that WORLDWIDE, as the shipper on the bill of lading, was liable for all charges associated with the delay in arranging delivery;

22. In breach of its obligations under the bill of lading contract, WORLDWIDE failed to have the container picked-up and instead has allowed the container to remain on the marine terminal at the port of Mombasa, Kenya, where it is accruing demurrage, detention, local port charges, storage charges and/or other charges, from November 14, 2009 until present;

23. MSC has not been allowed by the local authorities at the port of Mombassa, Kenya, to have the cargo devanned and the container returned to MSC's service;

24. As the shipper of the cargo under the bill of lading contract, WORLDWIDE, is liable for all charges incurred by the cargo as a result of any delay in arranging delivery of the cargo at the port of discharge, including any legal fees incurred by MSC in enforcing its rights under the bill of lading contract;

25. Plaintiff, MSC, brings this action on its own behalf and as agent for Mediterranean Shipping Company S.A., and/or any other party with an interest in the subject matter hereof and has fulfilled all conditions precedent incumbent upon it;

### *Attorney Fees and Expenses*

26. MSC repeats and realleges each and every allegation contained in paragraphs 1 thru 25, inclusive, with the same force and effect as if set forth herein at length;

27. The terms and conditions of MSC's standard form bill of lading contract, applicable to the bills of lading issued in this case, provide that MSC shall recover its reasonable legal fees and expenses, incurred in attempting to recover any amounts due from the "Merchant," as that term is defined by the contract;

28. The term "Merchant" is defined by the MSC standard form bill of lading contract as including the shipper of the cargo listed on the bill of lading;

29. Defendant WORLDWIDE is listed as the shipper on both bills of lading at issue in this case through the use of its trade name, "UNITED AMERICAN LINE";

**WHEREFORE**, Plaintiff prays:

A.   That process in due form of law issue against the Defendant, WORLDWIDE FREIGHT SERVICES, INC. TRADING AS UNITED AMERICAN LINE, citing the Defendant to appear and answer under oath all and singular matters alleged in the Complaint;

B.   That judgment be entered in favor of Plaintiff, MEDITERRANEAN SHIPPING COMPANY (USA) INC., and against Defendant, WORLDWIDE FREIGHT SERVICES, INC. TRADING AS UNITED AMERICAN LINE, in the amount of US$35,721.14, with interests, costs and disbursements of this action;

C.   That in accordance with the governing contract of carriage, the Court award Plaintiff, MEDITERRANEAN SHIPPING COMPANY (USA) INC., its reasonable attorney fees, incurred in this matter; and

D.   That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
December 15, 2010

                    **CARROLL McNULTY & KULL, LLC**
                    *Attorneys for Plaintiff*
                    MEDITERRANEAN SHIPPING COMPANY (USA) INC.

By: _____
       John A. Orzel, Esq.
       570 Lexington Avenue, 10th Floor
       New York, New York 10022
       (212) 252-0004
       jorzel@cmk.com